800 UNION STREET CORP., Appellant-Respondent, v. BOOKBEN REALTY CORP., Respondent-Appellant. (Supreme Ct., Kings Co.) BOOKBEN REALTY CORP., Landlord, v. 800 UNION ST. CORP. et al., Tenants. (Municipal Ct. of City of New York, Borough of Brooklyn, 6th Dist.) — On May 11, 1946, appellant-respondent and respondent-appellant executed a lease of defendant's building at 800 Union Street, Brooklyn, the ten years beginning June 1, 1946, at a rental of $34,500 a year, payable $2,875 a month, the individual stockholders of plaintiff corporation guaranteeing performance of the lease. The lease provided that, if the rental was not approved by the arbitrator or thereafter confirmed by the Supreme Court, the lease was not to be effective. Although the arbitration hearing was set for May 13, 1946, at the same time that the lease was signed — May 11, 1946 — a complete set of arbitration papers was prepared, including an award by the arbitrator of $34,500 as the reasonable rent. The arbitration hearing consisted of an informal discussion between the landlord's attorney and the arbitrator, the parties not being present. On May 13, 1946, the award was signed and on May 15, 1946, an order entered confirming the award. On May 3, 1946, a broker had commenced an action against defendant for $13,000 commissions, alleging that he had secured the individuals interested in plaintiff corporation as purchasers ready, willing and able to purchase the premises on the terms specified by defendant. The lease provided that, before it was to become effective, plaintiff deliver to defendant a release of the broker's claim and a discontinuance of the action. Such a release was delivered to defendant on May 16, 1946. Plaintiff converted defendant's building into a loft building at a cost to date of approximately $24,000 and thereafter rented five floors to subtenants, the individuals comprising plaintiff corporation retaining for themselves the sixth floor to operate a stationery business. It was the necessities of that business which originally prompted them to engage in the entire transaction. On July 8, 1949, plaintiff commenced this action (1) to set aside the arbitration and to recover the difference between the rent actually paid and the reasonable rent of the premises, plus one month's rent as a penalty; (2) to recover $5,000 allegedly paid to the broker for the release of defendant delivered on May 16, 1946; (3) to recover the $17,250 deposited by plaintiff as security under the lease. In addition to various defenses, defendant interposed a counterclaim that, if the arbitration is set aside, plaintiff be declared a trespasser and account to defendant for the rents collected from the subtenants. On the trial the counterclaim was amended to ask that, if plaintiff be declared a statutory tenant, defendant be granted the relief provided by paragraph (a) of subdivision 4 of section 4 of the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1950, ch. 327). After trial before an Official Referee to whom the issues were referred to hear and determine, judgment was entered (a) dismissing the causes of action demanding that the arbitration be set aside, the cause of action for conversion of the $17,250 security, and the counterclaim; (b) granting plaintiff recovery on the cause of action for $5,000. The judgment also provides that, from the moneys on deposit to the credit of this action, the $17,250 be segregated as a trust fund for purposes of security under the lease. Both plaintiff and defendant appeal from the various parts of the judgment adverse to each. Judgment modified on the law and the facts by striking out the second, fifth, and sixth decretal paragraphs, and, as so modified, the judgment, insofar as appealed from, is unanimously affirmed, with costs to respondent-appellant. Defendant's motion to reinstate the defense of the

three-month period of limitation, upon which the court reserved decision, is granted. Plaintiff is barred from attacking the arbitration in this plenary action commenced more than three years after the order confirming the award. (*Feinberg* v. *Barry Equity Corp.*, 277 App. Div. 762, affd. 302 N. Y. 676, decided March 8, 1951.) The Official Referee found that defendant was obligated to the broker for commissions because the broker produced a prospect ready, able and willing to contract on the terms specified by defendant; that plaintiff paid $5,000 to the broker on May 16, 1946, for the release of defendant's obligation to the broker; and that, when plaintiff paid the $5,000 to satisfy the claim of the broker against defendant, there was the payment of a benefit to defendant in excess of the rent determined by arbitration. While we agree with the finding of the Official Referee, we disagree with his conclusion. There is no proof in this record that defendant had knowledge of, or consented to, the payment of $5,000 or any other sum to the broker. Evidence of such knowledge or consent was essential before the landlord could be held liable for the repayment of any excess rent. Any other rule would make the tenant the arbiter of the worth of a claim of a third party against the landlord. Defendant may have expected that plaintiff would not have to pay the broker for the release of defendant and that belief may have been confirmed by the fact that the release to defendant recites only a consideration of $1. The Official Referee found that the $17,250, which the lease designates as security, was in reality part of a loan of $25,000 by plaintiff to defendant, the intent of the parties being that within a reasonable time the landlord repay the $17,250 portion of the loan by segregating it in trust for purposes of security under the lease. The judgment carries out that intention of the parties. Present — Carswell, Johnston, Sneed and Wenzel, JJ.; Nolan, P. J., not voting.